# Appeal of John Montgomery.

In a claim against the estate of a deceased lunatic for care, labor, washing, cleaning, etc., from time of the death of the lunatic until after the funeral, *held,* that the claim was included in and cut off by a prior award made between parties by arbitrators.

(Decided November 1, 1886.)

Argued October 18, 1886, before, GORDON, TRUNKEY, STERRETT, and GREEN, JJ. October Term, 1886, No. 146, W. D. Appeal from a decree of the Orphans' Court of Indiana County distributing moneys in the hands of an administrator. Affirmed.

John Montgomery under an agreement with James Clark, the committee for Isabella Shryock, a lunatic, had supported and cared for her for a number of years to the time of her death. She died intestate September 5, 1881. Stacy B. Shryock, her sole heir, was appointed administrator, and January 31, 1883, he filed his account which was confirmed March 11, 1883, and an auditor was appointed to distribute the money in his hands. John Montgomery, the appellant in this case, presented an account before the auditor amounting to $100 for "work, labor, care, attention, washing, cleaning, etc., from time of death of Isabella Shryock to time of and after funeral, and for work and labor, etc., growing out of the death of Isabella in house of John Montgomery."

The administrator objected to the payment of this claim, on the ground that it was adjudicated in a certain arbitration or amicable submission of certain matters in dispute between the said Montgomery and the estate of the decedent, entered as a rule of the court of common pleas of Indiana county, No. 60, June term, 1882, and tried before the arbitrators agreed upon, and award filed, May 6, 1882, in which the arbitrators awarded to the said Montgomery the sum of $3,365.86, which award has all been paid and settled for by the administrator. This arbitration and award, the administrator contends, estops Mr. Montgomery from making any further claim against decedent's estate.

The record statement of plaintiff's claim in that suit is as follows:

"Amicable action in debt for balance due or claimed to be due to plaintiff for maintenance, support, nursing, and attendance of Isabella Shryock in her lifetime, under contract with James Clark, Esq., committee of the person and trustee of the estate of said Isabella Shryock, a lunatic, a copy of which is hereto attached and made part of this statement, *until the time of her death and burial*, on March 7, 1882."

The auditor held that the claim presented by Montgomery for allowance was not embraced in the matters submitted to said arbitration. On the hearing of the administrator's exceptions to the auditor's report the court below, WHITE, P. J., held that this claim, with the exception of $10 for washing, etc., after the

funeral, was embraced within the arbitration, and the auditor's report was modified accordingly.

A decree was accordingly entered allowing the claim as to $10 and sustaining exception to the auditor's report as to the balance; and Montgomery took this appeal, assigning as error the action of the court in making such decree.

J. N. Banks, for appellant.—The facts found by an auditor are conclusive unless clear mistake or misconduct be shown.   Bedell's Appeal, 87 Pa. 510; Gilbert's Appeal, 78 Pa. 266.

George W. Hood, for appellee.—The award of the arbitrators was an adjudication of all claims the plaintiff had against the estate of the decedent, and parol testimony cannot now be heard to alter or explain the award.   Hess v. Heeble, 6 Serg. & R. 59; Converse v. Colton, 49 Pa. 352.

This suit was an entire one, embracing all matters in controversy between the parties; and there being a recovery, Montgomery cannot maintain a second suit even on clear proof that no evidence was given in the first as to part of the demand in controversy.   Logan v. Caffrey, 30 Pa. 196; Sykes v. Gerber, 98 Pa. 183; Jackson v. Lodge, 36 Cal. 28.

The recovery upon the first action worked an estoppel to any subsequent action on the same subject-matter.   Shenk v. Mingle, 13 Serg. & R. 29; Girard v. Taggart, 5 Serg. & R. 19, 9 Am. Dec. 327; Sykes v. Gerber, 98 Pa. 183.

The auditor was mistaken in his finding of the facts, and it was the duty of the court to make the correction.   Large v. Passmore, 5 Serg. & R. 51.

Per Curiam:

An examination of the submission satisfies us beyond doubt or hesitation that it was designed to include all matters of account up to, and including, the date of the burial of Isabella. Shryock.   Whatever pertained to her maintenance, nursing, and funeral expenses was included therein, and it is absurd to suppose that anything was left out for future settlement.   If there is any fault to find with the decree of the court below, it is found in the award to the appellant of $10 more than he ought to have had.

Decree affirmed and appeal dismissed, at the costs of the appellant.